Hofheimer *v.* Campbell.

---

SIGISMUND HOFHEIMER and ors., Respondents, *v.* PATRICK CAMPBELL, Sheriff, &c., Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

In an action to charge a sheriff, upon a recovery by the plaintiff as defendant in *replevin*, the complaint averring that the sureties failed to justify and no new sureties were furnished (Code, § 210), and "that the defendant became liable therefor," no denial of the averment being made and no question of liability by reason of the failure of the sureties to justify raised below, it seems the defendant's liability on that ground is conceded.

If the sureties turn out insufficient, the sheriff is liable under section 210 of the Code, in like manner as they are.

Failure of the sureties to justify is satisfactory evidence in an action against the sheriff that they were not qualified, and notwithstanding their affidavit to the contrary attached to the undertaking.

Accordingly, if on exception to their sufficiency the sureties fail to justify, are not accepted, and new ones are not furnished, the sheriff is liable for moneys recovered with the property by the defendant in replevin.

An agreement to discharge the sheriff from liability for non-justification of the sureties, upon his delivery to the defendant of the property replevined, is illegal and void.

THIS was an appeal by the defendant from a judgment entered against him upon the verdict of a jury, under direction of the court.

The plaintiff sued, as assignee, to recover from the defendant, as sheriff of Kings county, a sum of money to which his assignor was entitled, upon a judgment in his favor as defendant in an action for the recovery of personal property.

The complaint averred that one Hager had brought an action for possession of the property against the plaintiff's assignor, and upon receiving the affidavit and undertaking required in such case by chap. 2, title 2, of the Code, that the defendant had taken the property from the possession of the plaintiff's assignor and delivered to the latter a copy of the undertaking, with his (the defendant's) approval indorsed; that the plaintiff's assignor had at the proper time excepted to the sufficiency of the sureties and served notice of the exception upon the defendant, and that the sureties had failed to justify, and that no new sureties had been furnished; that the plaintiff's assignor did not accept the sureties offered, and thereupon that the defendant became liable; that judgment was rendered in the action for return of the property to the plaintiff's assignor or for the value thereof in case a return could not be had, and for costs, $312.94; that execution had been issued against Hager, the plaintiff in the action, which remained wholly unsatisfied and the above amount unpaid; that demand had been made on the defendant therefor and payment refused. The complaint referred to the affidavits and undertaking, which were annexed, and were in usual form in such case, the undertaking being conditioned in the sum of $5,000.

The defendant's answer did not deny the allegation to the effect that upon failure of the justification of the sureties the defendant became liable, and it specifically admitted all the other allegations of the complaint, and set up for a further answer that the defendant had detained the property in his hands at request of the plaintiff's assignor, and thereafter delivered it up to him; that it was agreed between the defendant as

Hofheimer v. Campbell.

sheriff and plaintiff's assignor that the surrender and delivery was to be in full discharge and exoneration of the defendant as sheriff from all liability incurred by him as sheriff, by reason of the failure of the sureties to justify. Upon the trial the defendant opened the case to the jury, as holding the affirmative, and the court, upon motion of the plaintiff, directed a verdict for plaintiff upon the opening.

. *James Troy,* for the appellants. Section 210 of the Code does not render the sheriff liable as bail on failure of the sureties to justify. He is only responsible in the event that the bail are *insufficient.* The case is different from bail on arrest, where the notice is "*that he does not accept the bail*" (Code, § 192), and where on their failure to justify "*the sheriff shall himself be liable as bail*" (§ 201), and where in the event of his becoming liable the bail are made liable to him. (§ 203.) Here the notice is a mere *exception* to the sureties, and the sheriff is only made "responsible for the sufficiency of the sureties." The distinction is marked and not the result of accident. The omission of the same words in provisions following each other so closely shows intention and design. The sheriff standing as a mere surety, plaintiff must exhaust his remedy against the bail and establish their insufficiency before he can maintain the action.

The defendant, if liable as bail, had the rights of bail, and might divest himself of his liability by agreement with him to whom he was liable. As bail he held the property as indemnity for his liability, and might agree with him to whom he was liable to transfer the security.

*A. W. Parker,* for the respondents. The agreement was unlawful. (3 R. S., 5th ed., 476, § 59 ; Laws 1801, chap. 28, § 13 ; *Dive* v. *Manningham,* 1 Plowden, 67 ; *Bogardus* v. *Trinity Church,* 4 Paige, 198 ; *Love* v. *Palmer,* 7 John., 160 ; *Reed* v. *Pruyn,* 7 id., 426 ; *Strong* v. *Tompkins,* 8 id., 98 ; *Sullivan* v. *Alexander,* 19 id., 233 ; *Bank of Orange County* v. *Wakeman,* 1 Cow., 47 ; *Webber's Ex'rs* v. *Blunt,* 19

Wend., 191; *Bank of Buffalo* v. *Boughton*, 21 id., 58; *Barnard* v. *Viele*, 21 id., 88; *People* v. *Meighan*, 1 Hill, 298; *Winters* v. *Kinney*, 1 N. Y., 367.)

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J.   No question appears to have been made in the court below that the defendant had become liable by reason of the failure to justify of the sureties approved by him, and we think it cannot be raised here for the first time.   The complaint avers that the sureties failed to justify, and no new sureties were furnished, and that the "defendant became liable therefor."   This allegation, not having been denied, stands admitted.   If the counsel for the defendant intended to raise any question as to the liability of the sheriff on this ground, he should have called the attention of the court to it, so that an opportunity might have been afforded the plaintiff for obviating the objection by evidence.   Not having done so, the objection is not available on appeal.   But we think that the facts that the sureties failed to justify and were not accepted, and that no new sureties were furnished, of themselves established the liability of the sheriff.   Pecuniary responsibility is not the only subject involved in the question of the sufficiency of the sureties. The statute (Code, § 210) requires that they shall justify in like manner as upon bail on arrest.   If they do not justify they are not sufficient.   In order to justify they must possess the qualifications prescribed in the case of bail on arrest (Code, § 213), among which are being a resident and householder or freeholder within the State, as well as being worth the requisite amount.   The failure to justify furnishes satisfactory evidence that the sureties did not possess either of these qualifications; and their affidavit attached to the under-taking is not legal evidence to the contrary.   It was the duty of the sheriff to take none but sufficient sureties.   Having omitted this duty the statute makes him responsible for their sufficiency.   The obvious meaning of this language is that if

the sureties turn out to be insufficient, the sheriff shall be liable, in like manner as the sureties; for the omission to take sufficient sureties makes him a *quasi* trespasser.    When the sureties do not justify it is not necessary to sue them in order to establish their insufficiency. .

The agreement set up in the answer constituted no defence. If it was exacted or taken by the sheriff, upon a delivery of the property before judgment, it operated directly as an indemnity against a violation of the sheriff's duty; for he had no right to deliver the property to Beamish before judgment, except by virtue of section 211 of the Code.    If it was exacted or taken upon a delivery of the property after the judgment in favor of Beamish it was illegal, because it was the duty of the sheriff to return the property unconditionally. In either case, therefore, the taking of the agreement was in violation of the sheriff's duty, and, consequently, was illegal and void.

The judgment should be affirmed, with costs.

Judgment affirmed.